DENNIS, Justice.*
Defendant, Dorothy Nelson, was charged with carrying a concealed weapon, La.R.S. 14:95, and false personation, La.R.S. 14:112. After a judge trial, the defendant was convicted of false personation but found not guilty of carrying a concealed weapon. Defendant Nelson was sentenced to pay a fine of $100, or to serve a jail sentence of thirty days in default of payment. The trial judge imposed but suspended, upon defendant’s good behavior, execution of an additional jail sentence of ninety days.
Two Jefferson Parish Sheriff’s deputies observed the defendant outside a drug store on the night of September 24,1976 wearing street clothes and a gun belt with a pistol in a holster on the right side of the belt. When the deputies asked the defendant why she was carrying the gun, she replied that she was a New Orleans police officer. The defendant was unable to produce evidence of her commission, however, and the deputies placed her under arrest.
It is the state’s position that the defendant impersonated an officer with the intent to gain the advantage of carrying a weapon. The trial judge in his reasons for judgment did not specify what privilege or advantage he found the defendant had intended to gain from the alleged impersonation.
We granted writ of certiorari because the state’s position, which was apparently adopted by the trial court, appears to be contrary to the meaning of the criminal statute. La.R.S. 14:112 provides that false personation is a crime only if done “with the intent to injure or defraud, or to obtain or secure any special privilege or advantage.” As noted above, the trial judge found that the defendant was not guilty of the crime of carrying a concealed weapon. The carrying of an unconcealed weapon is not a special privilege or advantage enjoyed by a police officer. Each citizen is guaranteed the right to keep and bear arms not concealed on his person. La.Const.1974, Art. 1, § 11; cf. La.R.S. 14:95. Accordingly, the record designated for our review is devoid of any evidence that the defendant personated an officer in order to gain a special privilege or advantage.
However, in granting the writ we overlooked the fact that defendant’s objection to the absence of any evidence of an essential element of the crime was not raised in the trial court. In a trial before a judge alone, the proper procedural vehicle for raising this objection is a motion for a judgment of acquittal at the close of the state’s case. La.C.Cr.P. art. 778; State v. Williams, 354 So.2d 152 (La.1977); State v. Russell, 352 So.2d 1289 (La.1977); State v. Blackstone, 347 So.2d 193 (La.1977). Examination of the trial court record discloses that defense counsel did not move for an *319 acquittal. Further, counsel made no objection when the trial judge rendered his verdict, see, La.C.Cr.P. art. 841, and counsel did not move for a new trial after the verdict was rendered. See, La.C.Cr.P. art. 851. Unless the defendant affords the trial court an opportunity to rectify its error by a timely objection, written motion or other means, La.C.Cr.P. art. 841, this Court will not review the assignment on appeal unless it presents an error discoverable by a mere inspection of the pleadings and proceedings, without inspection of the evidence. La.C. Cr.P. art. 920. Since a determination of the question of whether there was any evidence of an essential element of the crime requires an inspection of the evidence in the case, we must decline to review the defendant’s assignment of error.
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.
DIXON, J., dissents with reasons.
CALOGERO, J., dissents and joins in DIXON’s, J., reasons.

 Chief Judge L. Julian Samuel participated in this decision as Associate Justice Ad Hoc sitting in the place of Chief Justice Sanders, retired.