624 So.2d 927 (1993)
STATE of Louisiana, Appellee,
v.
Tyson HALL, Appellant.
No. 25110-KA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1993.
*929 William J. Perkins, Columbia, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Don C. Burns, Dist. Atty., Iley H. Evans, Asst. Dist. Atty., Columbia, for appellee.
Before LINDSAY, BROWN and WILLIAMS, JJ.
LINDSAY, Judge.
At the conclusion of his jury trial, the defendant, Tyson Hall, was convicted of distribution of cocaine, in violation of LSA-R.S. 40:967. He was sentenced to a term of imprisonment of ten and one-half years at hard labor. The defendant appealed. For the reasons assigned below, we affirm the defendant's conviction and sentence.

FACTS
In the latter part of 1991, the Louisiana State Police conducted a long-term undercover narcotics investigation in Caldwell Parish. During the course of this investigation, Trooper Michael Evans made two separate cocaine purchases from Darren Sikes. Thereafter, the state police persuaded Sikes to cooperate in their investigation and undercover operation. In exchange, Trooper Evans agreed to inform the district attorney of Sikes' assistance. Sikes told the state police that the defendant was his main source for cocaine.
At approximately this time, the defendant, who was then in Los Angeles, began telephoning the home of Sikes' sister. He left several messages in which he instructed Sikes to wire $700 to him, this amount being owed for drugs previously "fronted" to Sikes by the defendant. (Sikes testified that the defendant would bring the drugs to him; after Sikes sold the drugs, he would give the proceeds to the defendant.)
On December 5, 1991, Sikes successfully contacted the defendant to arrange a drug purchase. During their conversation, the defendant, who was driving to Monroe, Louisiana, from Dallas, Texas, told Sikes to meet him on Highway 846 and described the vehicle he would be driving, a silver Bronco II. Although they set no specific location, Sikes understood the defendant's directions as instructing him to drive north on Highway 846 in Caldwell Parish until he and the defendant met on the road.
After the arrangements were made with the defendant, Sikes met with several state troopers at a convenience store. The officers searched Sikes and his vehicle to verify that he had no drugs or money in his possession. Trooper Evans then gave Sikes $700, in the form of seven $100 bills, the serial numbers of which had been recorded. Sikes was also supplied with a body wire, as well as a walkie talkie.
Sikes began driving on Highway 846 with three unmarked police cars following him. One of these cars pulled over to the side of the road after a short distance. When Sikes saw the defendant's vehicle approaching from the opposite direction, he alerted the troopers via the walkie talkie, and the other two unmarked cars also pulled off the road.
Sikes then parked on the shoulder of the road, where he pretended to have car trouble. The defendant likewise pulled over on the side of the road. Sikes testified that he gave $700 to the defendant for drugs he had previously "fronted" to Sikes, and the defendant gave him one and one-half ounces of cocaine. However, the transmission from Sikes' body mike was so broken up that the troopers were unable to monitor the conversation between Sikes and the defendant.
Shortly thereafter, Sikes notified the troopers by walkie talkie that the drug transaction had been completed. At approximately the same time, the defendant's vehicle drove past them. The unmarked police cars began to follow the defendant, who soon realized that he was under surveillance. The defendant accelerated, leading the officers on a high speed chase over hilly terrain. Throughout the pursuit, the troopers maintained visual contact with the defendant's vehicle. Eventually, the defendant was stopped at a roadblock near Chatham, Louisiana. A search revealed that the defendant had in his possession the $700 supplied to Sikes.
After the defendant was apprehended, Trooper Evans returned to the convenience *930 store where Sikes had been instructed to wait for the officers. Trooper Evans searched Sikes and found no money or contraband on his person. He also searched the vehicle and recovered the drugs Sikes had obtained from the defendant. The contraband was transported to the crime lab, where tests confirmed that the substance was cocaine.
The defendant was charged with one count of distribution of cocaine. Following a jury trial, he was convicted as charged and sentenced to a term of imprisonment of ten and one-half years at hard labor.
The defendant appealed. He originally asserted 10 assignments of error. However, four assignments of error were not briefed and are accordingly deemed abandoned. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App.2d Cir.1989), writ denied, 558 So.2d 1123 (La.1990).
The remaining assignments of error are as follows: (1) the trial court erred in overruling the defendant's objection to hearsay testimony by Trooper Evans implicating him as the source of cocaine; (2) the trial court erred in overruling the defendant's objection to hearsay testimony by Trooper Gary Crumpton; (3) the trial court erred in overruling the defendant's objection to evidence of other crimes, i.e., prior drug transactions, and denying his motion for mistrial; (4) the trial court erred in overruling the defendant's objection to evidence of other crimes and denying his motion to strike; (5) the trial court erred in overruling defendant's objection to the introduction into evidence of cocaine on the basis that the state had failed to prove any connection between the cocaine and the defendant; and (6) the trial court erred in overruling defendant's motion for a directed verdict.

HEARSAY
Hearsay is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. LSA-C.E. Art. 801(C).
Law enforcement officers may not testify as to the contents of an informant's tip because such testimony violates the accused's constitutional right to confront and cross-examine his accusers. State v. Hearold, 603 So.2d 731 (La.1992). Moreover, as to any exception to the hearsay rule based on an officer's testimony regarding information which immediately prompted an investigation, the issue of relevancy is significantly interrelated with the hearsay issue. See State v. Wille, 559 So.2d 1321, 1331 (La. 1990). The fact that an officer acted on information obtained from an informant may be relevant to explain his conduct, but may not be used as a passkey to bring before the jury the substance of the out-of-court information that would otherwise be barred by the hearsay rule. State v. Hearold, supra.
Generally, an explanation of the officer's actions should never be an acceptable basis upon which to admit an out-of-court declaration when the so-called "explanation" involves a direct assertion of criminal activity against the accused. Absent some unique circumstances in which the explanation of purpose is probative evidence of a contested fact, such hearsay evidence should not be admitted under an "explanation" exception. The probative value of the mere fact that an out-of-court declaration was made is generally outweighed greatly by the likelihood that the jury will consider the statement for the truth of the matter asserted. State v. Hearold, supra.
However, the introduction of statements complained of as hearsay which are merely corroborative and cumulative of other testimony presented by the State is harmless error. State v. Franklin, 520 So.2d 1047 (La.App.3d Cir.1987).

Testimony of Trooper Evans
The defendant maintains that the trial court erred in overruling his objection to testimony by Trooper Evans that implicated him as Sikes' cocaine source. During the prosecution's direct examination of Trooper Evans, the officer was questioned about his dealings with Sikes:

*931 Q Could you tell us what assistance he lended [sic] to you?
A Mr. Sikes, of course, after he made the determination to assist us, he told me who his source for his cocaine that he was dealing here, in Caldwell Parish, was. He told me that the individual that he was getting the bulk of his cocaine from, at that time, was a Mr. Tyson ...
The defense objected on the basis that the statement constituted hearsay. The court overruled the objection, finding that the testimony concerned background investigatory work not being offered for the truth of the statement, but merely to show that the statement was made. However, the court granted the defendant's request that the jury be admonished as to the limited purpose for which the statement was allowed. When Trooper Evans' testimony resumed, he again stated, without prompting, that the defendant became a target in his investigation after Sikes identified him as his cocaine source. At this point, the defense's objection was made general.
We note that Sikes, the declarant of the statement recited by Trooper Evans, was the witness who immediately followed Trooper Evans to the witness stand. Sikes testified that the defendant was his supplier of cocaine. Thus, Trooper Evans' testimony was, at most, cumulative of Sikes' testimony, and any error in allowing Trooper Evans' testimony was clearly harmless.
Furthermore, defense counsel thoroughly cross-examined Sikes and strenuously argued to the jury that Sikes had fabricated the evidence against the defendant in order to secure a better deal for himself. To this end, defense counsel impeached Sikes with his prior criminal convictions, his cocaine arrest by Trooper Evans, and his resulting self-interest in the case against the defendant.
Under these circumstances, we find that this assignment of error is meritless.

Testimony of Trooper Crumpton
The defendant also contends that the trial court erred in overruling his objection to hearsay testimony by Trooper Gary Crumpton. The defendant objected to the following testimony elicited on direct examination:
Q What was the purpose for meeting with the informant?
A An arrangement had already been made for an amount of cocaine to be delivered to him, here, in Caldwell Parish.
The defense objected to the statement as hearsay and asked that it be stricken from the record. The trial court ruled that this was also background information on the investigation, offered not for the truth of the statement, but merely to show that it was made.
Trooper Crumpton's statement cannot be construed as hearsay. He did not state that he had been told anything by anyone. Furthermore, Trooper Crumpton's testimony as to the purpose of the meeting was merely cumulative of that of Trooper Evans and Sikes, both of whom had already testified. In particular, we note that Sikes, without defense objection, explained the "arrangement" he made with the defendant in some detail.
This assignment of error is without merit.

MOTION FOR MISTRIAL
The defendant contends that the trial court erred in failing to grant his motion for mistrial after the following exchange occurred during the defense's cross-examination of Trooper Evans:[1]
Q Okay. And as far as you know, the only money he received was the seven hundred ($700) dollars he was previously owed?
A For a past transaction, yes sir, that's correct.
MR. PERKINS [defense counsel]: Objection, Your Honor. That's a reference to, it's inadmissible. I'd like to approach on that.

*932 THE COURT: Approach.
COUNSEL APPROACHES BENCH OFF RECORD
[Questioning resumed.]
As can be seen from the above excerpt, the record is devoid of any evidence that a mistrial was ever sought by the defendant. Nor does the record show any request for an admonishment or a specific objection to the question asked. Therefore, the defendant waived his right to raise the issue on appeal. See LSA-C.Cr.P. Art. 770, comment (b); State v. Bennett, 591 So.2d 783 (La.App. 4th Cir.1991).
This assignment of error is meritless.

MOTION TO STRIKE
The defendant also contends that the trial court erred in denying his motion to strike a statement made by Trooper Doug Johnston during cross-examination by defense counsel:
Q And so, nothing was purchased with that money, that was just a repayment of money owed?
A It was my understanding that when the deal was to go down that, Mr. Hall fronts the dope to Mr. Sikes in the past...
MR. PERKINS: Objection, Your Honor. This is hearsay.
MR. EVANS [assistant district attorney]: Your Honor, he keeps eliciting the same thing out of every witness and then objecting to every answer that he elicits from.
MR. PERKINS: Your Honor, their answers are not responsive to the question.
THE COURT: All right, sustained.
Q My question was, it was to pay back money owed, is that right?
A On dope, yes, that's correct.
MR. PERKINS: Your Honor, I'm gonna ask that that be struck? I asked, you know, a simple "yes" or "no" was all he required, Your Honor. He's on cross and he keeps volunteering information. He's head of the drug unit. He testifies in court. He knows what is admissible and what's not. And he's volunteering information that he knows is not admissible.
THE COURT: Any response by the State?
MR. EVANS: Your Honor, he keeps eliciting the question that he's seeking an obvious answer for. And then he objects to his own line of questioning, I guess, because he illicit [sic], the witness has a right to answer what he's asked. And has a right to even explain his answer. So, I don't know what more he expects, other than what he's getting.
MR. PERKINS: Your Honor, I didn't ask what the money was owed for. I asked was it money that was owed. And it requires a, yes or no.
THE COURT: Well, I think that that had already been asked and answered two (2) or three (3) times. Let's move on.
Defense counsel's complaint arising from the above-quoted testimony is that the trial court failed to grant his "motion to strike." However, a motion to strike is unknown to our criminal procedure. The proper vehicle would have been to request that the trial court admonish the jury. See LSA-C.Cr.P. Art. 771; State v. Baker, 288 So.2d 52 (La.1973). Since defense counsel failed to request an admonition, the error was not properly preserved for appeal.
However, even assuming arguendo that the error had been properly preserved, we note that a witness cannot be held to a yes or no answer, but is entitled to explain his answer. State v. Baker, supra. Therefore, defense counsel himself elicited the response concerning the payment of the debt.[2]
This assignment of error is without merit.

*933 ADMISSION OF COCAINE INTO EVIDENCE

The defendant asserts that the trial court erred in allowing the cocaine to be admitted into evidence. After a crime lab technician testified that the substance she examined was indeed cocaine, the defendant objected to its introduction into evidence on the basis that the state had failed to prove any connection between the defendant and the cocaine. The court overruled the objection.
In order to introduce demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is connected with the case. State v. Sam, 412 So.2d 1082 (La.1982), appeal after remand, 478 So.2d 769 (La.App. 3d Cir.1985), writ denied, 483 So.2d 1019 (La. 1986); State v. Anderson, 554 So.2d 133 (La. App.2d Cir.1989). Lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than to its admissibility. State v. Sam, supra; State v. Volentine, 565 So.2d 511 (La.App.2d Cir. 1990). Ultimately, connexity is a factual matter for determination by the trier of fact. State v. Anderson, supra; State v. Volentine, supra.
The cocaine was connected to the defendant through Sikes' testimony. The defendant complains that Sikes was left alone and unsupervised for more than an hour after his meeting with the defendant while the troopers pursued and apprehended the defendant. The defendant suggests that during this time period Sikes could have obtained the cocaine from some concealed spot along the road.
However, there was no evidence submitted to support the defendant's theory, and Sikes testified that he obtained the cocaine from the defendant. Nonetheless, the defense fully presented these arguments to the jury.
As correctly contended by the state, these circumstances went to the weight and credibility of Sikes' testimony. Obviously, the jury found Sikes to be a credible witness. Therefore, the trial court did not err in finding a connexity between the defendant and the cocaine and admitting the cocaine into evidence.
This assignment of error has no merit.

MOTION FOR DIRECTED VERDICT
The defendant also contends that the trial court erred in denying his motion for a "directed verdict," or motion for acquittal, at the conclusion of the state's case. The trial court ruled that, under LSA-C.Cr.P. Art. 778, it lacked the authority to grant a motion for acquittal in a jury trial. The court further stated that, even if it were so authorized, it would still deny the motion.
LSA-C.Cr.P. Art. 778 provides, in pertinent part:
In a trial by the judge alone the court shall enter a judgment of acquittal ... after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction. [Emphasis added.]
Comment (c) to this article notes the holding in State v. Broussard, 217 La. 90, 46 So.2d 48 (1950), wherein the Supreme Court held that directed verdicts are not authorized in jury trials. See also State v. Brown, 421 So.2d 854 (La.1982); State v. Brooks, 452 So.2d 149 (La.1984).
We find that the trial court correctly denied the defendant's motion.[3]
This assignment of error is meritless.

CONCLUSION
For the reasons assigned above, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] In brief, the defendant erroneously asserted that this testimony was elicited from Sikes by the state.
[2] The defendant cannot use this assignment of error to contend that the state failed to provide him with a Prieur notice of its intent to use evidence of other crimes. Because the defendant failed to object at trial to a lack of notice, his objection was waived. State v. Welch, 615 So.2d 300 (La.1993).
[3] In brief, the defendant also argues that he made an oral motion for post-verdict judgment of acquittal. Although given an opportunity by the trial court to argue the motion at that time, defense counsel declined because he intended to make a written motion at a later time. The record shows that no such motion was ever filed. Therefore, under these circumstances, we find that the motion was waived by the defendant. This situation is distinguishable from State v. Jackson, 614 So.2d 783 (La.App.2d Cir.1993), in which the trial judge did not rule on a properly submitted motion for post-verdict judgment of acquittal. Therefore, this issue is not properly before us.