| PLOTKIN, Judge.
On March 13, 1995, Mr. Josh J. Mayberry was charged by bill of information with false personation of a peace officer in violation of La.R.S. 14:112.1. He pleaded not guilty. After trial before a six-member jury on April 12,1995, he was found guilty as charged. On May 5, 1995, the trial court granted Mayber-ry’s motion for post-verdict judgment of acquittal. The State appeals the granting of the motion.
At trial, Ms. Emelda Corales testified that she has been employed by the Crescent Gun Shop at 2401 S. Claiborne Avenue since 1975. On November 22, 1994, Mayberry entered the store wearing a black New Orleans Police Department T-shirt, a medallion that resembled a NOPD badge, and blue pants with a light blue stripe. When she asked Mayberry where he worked, he responded that he worked in the Fifth District for the New Orleans Police Department. When she informed him that the stripe on his pants was the wrong color and was improperly placed, he responded that his commanding officer had not objected. Ms. Corales was suspicious and called the NOPD’s personnel office, who informed her that RMayberry was neither an officer nor a recruit. Ms. Corales testified further that on December 6, 1994, Mayberry returned to the store and attempted to purchase a pair of NOPD pants with the correct striping. She notified the police. Ms. Corales identified Mayberry in court.
Ms. Mary Williams testified that she worked as a seamstress at the Crescent Gun Shop on December 6, 1994, when Mayberry, who was wearing a gold medallion that resembled an NOPD badge, asked her to hem a pair of pants he was purchasing and to add the correct blue piping worn by the NOPD. Ms. Williams identified Mayberry in court.
Ms. Nancy Jacobs, a clerical specialist with the personnel department of the New Orleans Police Department, testified that in November 1994 in response to a call she verified that Mayberry was neither an active or reserve officer nor a recruit.
Mr. Rickey Fayard testified that he is a NOPD Fifth District reserve officer and that he operates Lee Protection Security Company, which provides security guards in New Orleans and employed Mayberry. His guards obtain their uniforms from either VMB Uniform in McComb or American Police Equipment at 1111 S. Jefferson Davis. He does not send guards to obtain uniforms from Crescent Gun and his guards do not wear the same brand of pants as the NOPD or wear the same stripe.[1] Mr. Fayard testified that on Mayberry’s job application he had written “NOPD” as the reason for leaving his previous job. Mr. Fayard identified Mayberry in court.
| gOfficer Elisa Locket of the New Orleans Police Department testified that on December 6, 1994, she responded to a call of a person impersonating a police officer at the Crescent Gun Shop. She arrested Mayber-ry, whom she identified in court.
It was stipulated that Mayberry was not and had never been a NOPD officer.
A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in the light most favorable to the state, does not reasonably permit a finding of guilty. La.C.Cr.P. art. 821(B). Section 112.1(A) of the Louisiana Revised Statutes provides:
*724 A. False personation of a peace officer is the performance of any one or more of the following acts with the intent to injure or defraud or to obtain or secure any special privilege or advantage:
(1) Impersonating any peace officer or assuming, without authority, any uniform or badge by which a peace officer is lawfully distinguished.
(2) Performing any act purporting to be official in such assumed character.
(3) Making, altering, possession, or use of a false document or document containing false statements which purports to be a training program certificate or in-service training certificate or other documentation issued by the Council on Peace Officer Standards and Training, pursuant to R.S. 40:2405, which certifies the peace officer has successfully completed the requirements necessary to exercise his authority as a peace officer.
The State contends that the trial judge erred in granting Mayberry’s motion for judgment of acquittal because it proved beyond a reasonable doubt that he impersonated a police officer with the intent to injure or defraud or to obtain a special privilege or advantage. Specifically, the State asserts that the intent to defraud or to obtain a special privilege or advantage can be inferred, without more, from the attempt to purchase pants like those worn by the NOPD.
In State v. Gordon, 95-1247, p. 2-3 (La.App. 4th Cir. 1/19/96), 668 So.2d 462, 464, this Court found that the intent to obtain preferential treatment could be inferred from a defendant’s act of impersonating an officer when he was pstopped by the NOPD for running a stop sign. In State v. Nelson, 367 So.2d 317 (La.1979), the Louisiana Supreme Court found that because the defendant was performing an act that could be performed by a private citizen, i.e., carrying an unconcealed weapon, no intent to obtain a special privilege or advantage could be inferred from the defendant’s actions. In the instant case, the State asks that we infer an amorphous intent to engage in an unspecified criminal act in the future from Mayberry’s act of impersonating an officer. The false person-ation of a peace officer is, however, a specific intent crime. The State presented no evidence at trial from which it can be inferred that Mayberry had the intent to injure or defraud or to obtain or secure any special privilege or advantage.
It might be asserted that the right to purchase pants identical to those worn by New Orleans Police Department officers is itself the advantage Mayberry intended to obtain. It is true that he was not sold the pants and that the police were summoned. However, it was not proved at trial that the pants may only be purchased by the NOPD or that NOPD officers receive any preferential treatment at the Crescent Gun Shop. Ms. Corales testified that the Crescent Gun Shop is open for business to the general public. She did not testify that the pants were available for sale only to NOPD officers. She did not testify that it was customary for her to verify the police affiliation of her customers. Instead, it is possible that Ms. Corales exercised a merchant’s prerogative to refuse to sell to Mayberry and summoned the police simply because he behaved suspiciously.
The State neglected to show that the sale of Cook County pants with royal blue stripes extending from cuffs to pockets was an advantage available only to persons known or proven to be NOPD officers. The State did not prove that Mayberry had the intent to obtain or secure any other special privilege or advantage. Absent evidence from which it can be inferred that Mayberry had the [5intent to injure or defraud or to obtain or secure any special privilege or advantage, his impersonation does not amount to the crime of false personation of a police officer as defined in La.R.S. § 14:112.1(A). Accordingly, the granting of the motion of acquittal is affirmed.

AFFIRMED.

. NOPD officers wear Cook County Sheriff's Department pants adorned with royal blue stripes that extend from the cuffs to the bottom of each pocket. Lee Protection security guards wear pants of varying brands (but never Cook County Sheriff’s Department pants) adorned with light blue stripes that run from the cuffs to the waist.