685 So.2d 1127 (1996)
STATE of Louisiana Appellee,
v.
Kenneth MILLIGAN, Appellant.
No. 28660-KA.
Court of Appeal of Louisiana, Second Circuit.
December 11, 1996.
Winsberg & Winsberg by Michael J. Winsberg, New Orleans, for Appellant.
Richard Ieyoub, Attorney General, Don Burkett, District Attorney, Richard Z. Johnson, Jr., Assistant District Attorney, for Appellee.
Before HIGHTOWER, WILLIAMS and PEATROSS, JJ.
HIGHTOWER, Judge.
Defendant Kenneth Milligan appeals on several grounds after a unanimous jury found him guilty as charged of second degree murder, La. R.S. 14:30.1, and the trial court imposed the mandatory term of life imprisonment. We affirm both the conviction and sentence, while amending to allow credit for time served.

*1128 FACTS

On the evening of April 6, 1995, both Milligan and the victim, Nathaniel Walker, arrived at the community center located in the KCS subdivision in Mansfield, Louisiana. While there, defendant summoned Walker from his truck and began repeatedly asking what he had said about him at sometime in the past. When Walker failed to answer directly, an argument between the two men ensued, during which Walker went back and forth to his truck a number of times. Upon Walker's final return to his vehicle, defendant fired a gun into the air four times. As Walker and his brother, Calvin, then attempted to leave the community center, Milligan ran into the roadway to discharge two shots at the back of the truck.
One of the bullets penetrated the rear wall of the cab of the truck before striking Walker's back, puncturing his left lung and eventually embedding itself in his heart. Realizing his brother had been shot, Calvin took the wheel to drive to the hospital. After noticing defendant and his wife in pursuit, however, he traveled to the Mansfield police station where an exchange of blows between him and defendant necessitated police intervention, culminating in defendant's arrest. After being transported to the hospital, the gunshot victim later died. Defendant's wife directed police to where Milligan had thrown his weapon, a .357 magnum, from his car window. Charged by bill of indictment with second degree murder, defendant proceeded to trial on September 19, 1995.

DISCUSSION

Sufficiency of the Evidence
In his first assignment of error, Milligan challenges the sufficiency of the evidence to support his second degree murder conviction. Specifically asserting that he desired to fire only at the truck rather than the victim, defendant argues that the state failed to prove the requisite specific intent to kill or inflict great bodily harm.
With defendant having raised the sufficiency-of-evidence claim merely by assignment of error rather than by motion for postverdict judgment of acquittal, this issue is not properly before us. See La.C.Cr.P. Art. 821; State v. Hall, 624 So.2d 927 (La.App. 2d Cir.1993), writ denied, 629 So.2d 1182 (La. 1993); Bates v. Blackburn, 805 F.2d 569 (5th Cir. 1986), cert. denied, 482 U.S. 916, 107 S.Ct. 3190, 96 L.Ed.2d 678 (1987). See also generally State v. Walker, 374 So.2d 1223 (La.1979); State v. Nelson, 367 So.2d 317 (La.1979); State v. Madison, 345 So.2d 485 (La.1977).
In this instance, however, we opt to address the assignment. Doing so, our review discloses that the evidence sufficiently supports the conviction. Defendant, who consumed alcohol on the date of the incident, arrived at the community center with a weapon which he subsequently maintained in his possession at all times. After approaching the unarmed Walker and initiating what became a heated argument, Milligan fired the fatal shots at the departing truck as the victim attempted to leave the altercation. Certainly, viewing the evidence in the light most favorable to the prosecution, a rational fact-trier could have found the requisite specific intent to kill or inflict great bodily harm, and, also, that the mitigatory factors for manslaughter (sudden passion or heat of blood)[1] had not been established by a preponderance. See La. R.S. 14:30.1; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
This assignment is without merit.

Other Crimes Evidence
Defendant next complains that the trial judge permitted the state to prove "another crime" without advance notice. The defense brief specifically refers to the direct examination of Officer Horace Womack, investigator with the DeSoto Parish Sheriff's Office, who described the recovered weapon as "stolen." Defendant further notes the observation in the assistant district attorney's closing argument that, "Officer Womack *1129 testified that the gun had been stolen. And who had the stolen gun, this defendant." Even so, having failed to assert at trial any lack of notice, defendant cannot avail himself of the objection on appeal. State v. Welch, 615 So.2d 300 (La.1993); State v. Hall, supra.

Jury Instructions
Defendant next argues that the jury instructions inadequately apprised the jury of the difference between the crimes of manslaughter and second degree murder. Pointedly, he claims that if the trial judge had provided an explanation of "other felony manslaughter" (see La. R.S. 14:31A(2)(a)), including definitions of aggravated battery and illegal discharge of weapons, the verdict probably would have been manslaughter. Defense counsel, however, never objected to the jury instructions. Unless objected to contemporaneously, of course, an irregularity or error in the charge to the jury may not be asserted on appeal. La.C.Cr.P. Art. 841; State v. Belgard, 410 So.2d 720 (La.1982); State ex rel. Ross v. Blackburn, 403 So.2d 719 (La.1981); State v. Wilson, 28,403 (La. App.2d Cir. 08/21/96), 679 So.2d 963.

Ineffective Assistance of Counsel
Finally, Milligan claims that he received ineffective assistance from defense counsel. Ordinarily, such claims are more properly presented by application for postconviction relief. State v. Gipson, 28,113 (La.App.2d Cir. 06/26/96), 677 So.2d 544; State v. Pratt, 26,862 (La.App.2d Cir. 04/05/95), 653 So.2d 174, writ denied, 95-1398 (La. 11/03/95), 662 So.2d 9. In the interest of judicial economy, however, the issue may be resolved on direct appeal if the record contains sufficient evidence pertaining to the matter. Id.
In alleging ineffective assistance of counsel, a defendant must satisfy a two-pronged test by showing, first, his attorney's performance to be so deficient as to deny him the "counsel" guaranteed by the Sixth Amendment, and, second, that those errors are so serious as to deprive the accused of a fair trial, i.e., one with a reliable result. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail under the Strickland test, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. State v. Gipson, supra; State v. Wry, 591 So.2d 774 (La.App. 2d Cir.1991); Knighton v. Maggio, 740 F.2d 1344 (5th Cir.1984). Also a reviewing court must give great deference to the trial attorney's judgment, tactical decisions, and strategy, strongly presuming the accordance of reasonable professional assistance. Strickland, supra; State v. Gipson, supra; State v. Pratt, supra.
Milligan first faults his attorney for failing to object to the lack of notice about "other crimes" evidence relating to the weapon used in the offense. Of course, the state is required to give pre-trial notice of its intent to use other crimes evidence. State v. Prieur, 277 So.2d 126 (La.1973). Generally, other crimes evidence is inadmissible because of the substantial risk of grave prejudice to defendant. State v. McDermitt, 406 So.2d 195 (La.1981); State v. Outley, 629 So.2d 1243 (La.App. 2d Cir.1993), writ denied, 94-0410 (La. 05/20/94), 637 So.2d 476. While the Code of Evidence prohibits the use of evidence of other crimes or wrongful acts to prove the character of a person in order to show that he acted in conformity therewith, such evidence is admissible "when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." La. C.E.Art. 404B(1). Commonly called the "res gestae" exception, the admissibility of such evidence does not hinge on advance notice to the defendant. State v. Williams, 26,716 (La. App.2d Cir. 05/10/95), 658 So.2d 703, writ denied, 95-2175 (La. 02/02/96), 666 So.2d 1091; State v. Griffin, 618 So.2d 680 (La. App. 2d Cir.1993), writ denied, 625 So.2d 1063 (La.1993). In the present matter, given that the subject weapon formed an integral part of the homicide, defense counsel's failure to object in the now-stated manner, did not constitute ineffective assistance.
Secondly, defendant maintains his attorney should have objected to the jury instructions concerning the responsive verdict of manslaughter. We find this facet of Milligan's *1130 claim untenable, much like our recent holding in State v. Gipson, supra, wherein the defendant, charged and convicted of second degree murder, made similar unsuccessful arguments concerning a contention of ineffective assistance of counsel. It is quite apparent that, even with the added explanations in which he presently takes great reliance, Milligan has failed to demonstrate that the trial probably would have resulted in a different outcome.
In sum, defendant's claims of ineffective assistance of counsel do not meet the test pronounced in Strickland. Thus, this assignment of error is without merit.

Error Patent
Upon error patent review, the record does not reveal credit accorded for any time in custody, although defendant failed to post bail while awaiting trial. The sentencing judge is required to ascribe such periods against the sentence imposed, if not attributed against any other charge. La.C.Cr.P. Art. 880.
Accordingly, defendant's sentence will be amended to allow credit for time served that has not been otherwise so ascribed.

CONCLUSION
For the foregoing reasons, defendant's conviction and sentence are affirmed, as indicated.
CONVICTION AFFIRMED; SENTENCE AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] Manslaughter is defined as homicide which would be murder, but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection. La. R.S. 14:31.