700 So.2d 1034 (1997)
STATE of Louisiana, Appellee,
v.
Robert P. JONES, Appellant.
Nos. 29805-KA, 29806-KA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1997.
*1036 Wilson Rambo, Geary S. Aycock, West Monroe, for Appellant.
Richard P. Ieyoub, Attorney General, William R. Coenen, Jr., District Attorney, Johnny R. Boothe, Assistant District Attorney, for Appellee.
Before MARVIN, C.J., and WILLIAMS and GASKINS, JJ.
WILLIAMS, Judge.
The defendant, Robert Paul Jones, was convicted by a Franklin Parish jury of simple escape, a violation of LSA-R.S. 14:110(A). Thereafter, the state filed a bill of information pursuant to LSA-R.S. 15:529.1, the habitual offender law, seeking to have defendant adjudicated a fourth felony offender. After a hearing, the trial court adjudicated defendant a fourth felony habitual offender with a prior crime of violence and sentenced him to serve life imprisonment without benefit of probation, parole or suspension of sentence. Defendant's subsequent motion for reconsideration of sentence was denied. He appeals his conviction and sentence. For the following reasons, we affirm defendant's conviction but set aside the habitual offender adjudication, vacate the sentence and remand for further proceedings.
On March 20, 1996, while incarcerated at the Franklin Parish Detention Center, defendant and four other inmates crossed two wire fences and ran onto the property adjacent to the facility. The defendant was captured approximately forty-five minutes later. A jury found him guilty of simple escape. Based on three prior convictions, the state subsequently filed a bill of information seeking to have the defendant declared a fourth felony habitual offender. The defendant denied the allegations of the bill but did not file a written response. After a hearing, the trial court adjudicated the defendant a fourth felony offender and sentenced him to serve life imprisonment without benefit of probation, parole or suspension of sentence.

DISCUSSION
In three assignments of error relating to the habitual offender proceedings, defendant argues that the trial court erred in admitting into evidence a letter from the Record Clerk of the Texas Department of Criminal Justice, the state failed to present adequate evidence of valid predicate offenses and the trial court imposed an excessive sentence. In his remaining assignment, defendant contends he was denied effective assistance of counsel at trial and at the subsequent habitual offender hearing.

Trial on the Merits:
Defendant argues that he was deprived of a fair trial because he received ineffective assistance of counsel. He contends that the trial counsel was not attentive during the trial and pursued an ill-advised cross-examination strategy.
In order to prove ineffective assistance of counsel, defendant must satisfy a two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this test, defendant must first show that his counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment. The relevant inquiry is whether counsel's representation fell below the standard of reasonableness and competency as informed by prevailing professional standards demanded of attorneys in criminal cases. Second, the defendant must show that this deficient performance prejudiced his defense. This element requires a showing of a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. State v. Milligan, 28,660 (La.App.2d Cir. 12/11/96), 685 So.2d 1127.
Although ineffective assistance of counsel claims normally are raised in a petition for post-conviction relief, which creates the opportunity for a full evidentiary hearing under LSA-C.Cr.P. Art. 930, where the record contains evidence sufficient to resolve the issue and the alleged ineffectiveness is raised on appeal, the issue may be considered by an appellate court in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La. 1983); State v. Green, 27,652 (La.App.2d Cir. 01/24/96), 666 So.2d 1302. In the present case, the record contains sufficient evidence *1037 to resolve the issue of ineffective assistance of counsel. Therefore, we will address defendant's ineffective assistance claim in the interest of judicial economy.
Defendant first argues that counsel was ineffective during the testimony of the state's witness, Deputy Dalton Ulmer. On direct and re-direct examination, the prosecutor questioned the deputy about the layout of the detention center, the portion of the escape that he witnessed and the security of the fence. The defendant complains about his attorney's behavior at the close of re-direct examination. After the prosecutor stated that he had no further questions, defense counsel reacted by stating "Oh, you're done? I'm sorry. Excuse me, I was sitting here brain dead." We note that the testimony during direct and re-direct examination contained nothing objectionable or particularly noteworthy. Therefore, defendant was not prejudiced even if counsel was not giving his full attention to the proceedings at this point.
Defendant also contends that counsel demonstrated ineffectiveness during the examination of the state's witness, Ronald Barnett, one of the convicts who escaped along with defendant. Defendant urges that trial counsel was ineffective during cross-examination of this witness because during his questioning he emphasized the co-escapee's guilty plea to the completed offense, while trying to convince the jury that the defendant was guilty of only the attempted offense. We note that defense counsel was able to elicit the fact that the witness had received a sentence six months more lenient than the sentence of one of the other escapees who was not called to testify. Notably, this fact could possibly damage the credibility of the witness and reduce the impact of his testimony. Further, on direct examination, the state had already elicited the fact that the witness had pled guilty as charged. Therefore, it cannot be said that counsel's strategy was ineffective. The record supports the defendant's conviction for simple escape. The defendant's arguments lack merit.

Habitual Offender Hearing:
The defendant contends that the evidence presented by the state fails to prove that the predicate offenses are constitutionally valid for purposes of his habitual offender proceeding. He also challenges the admissibility of a letter from the Texas Department of Corrections. LSA-R.S. 15:529.1 D(1) governs the procedure for preserving these issues on appeal. The procedure requires the court in which the subsequent conviction was obtained to bring the offender before the court, inform him of the allegations contained in the information and of his rights and require the offender to say whether the allegations are true. If the offender denies the allegation, refuses to answer or remains silent, his plea or the fact of his silence is entered on the record and he shall be given fifteen days to file particular objections to the information. Any challenge to the previous conviction or adjudication of delinquency not made before sentence is imposed may not thereafter be raised to attack the sentence. LSA-R.S. 15:529.1(D)(1)(b).
In order to challenge the validity of a prior conviction, defendant was required to file a written response denying the allegations set forth in the bill of information within 15 days of arraignment. Although the trial court informed defendant of the time period in which he was required to respond to the allegations in the bill, defendant failed to act. Defendant neither filed a written response nor objected at the hearing to the introduction into evidence of the state's exhibits. Because of his failure to comply with the statute, defendant is barred from directly attacking the validity of prior offenses on appeal. Additionally, defendant did not object to the admissibility of the Texas record clerk's letter and is not entitled to complain on appeal that it should not have been introduced into evidence. LSA-C.Cr.P. Art. 841. These assignments of error lack merit.

Ineffective Assistance of Counsel
Defendant argues that prior to the day of the habitual offender proceeding, his counsel never inspected or reviewed the documents to be introduced as evidence of the predicate offenses. Defendant's principal complaint against his counsel is that counsel *1038 failed to object to the absence of proof that defendant was advised of his privilege against self-incrimination before pleading guilty to the predicate offenses. The issue presented is whether there is a reasonable probability that, if counsel had raised an objection to the proof, the defendant's habitual offender hearing would have had a different outcome. State v. Shelton, 621 So.2d 769 (La.1993) set forth the burden of proof in a habitual offender proceeding. If the defendant denies the allegation of the bill of information, the burden is on the state to prove the existence of the prior guilty pleas and that defendant was represented by counsel when the guilty pleas were entered. If the state meets this burden, then the defendant has the burden to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is successful, the burden of proving the constitutionality of the plea shifts to the state. The state will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea or other evidence which reflects that the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination and his right to confront his accusers. State v. Shelton, supra.
The state offered evidence of defendant's prior convictions, including a guilty plea memorandum concerning charges in Texas, a guilty plea transcript and a Texas Department of Corrections "pen pack" containing official prison records. For each of the three prior offenses, the preprinted "Guilty Plea Memorandum" contained three explicit waivers of rights. However, the language in these forms does not indicate that defendant was made aware of or waived his privilege against self-incrimination. None of the documentation for these prior convictions proves that the defendant had been advised of his right to remain silent before entering the guilty pleas in Texas.
Thus, pursuant to Shelton, the defendant has made a prima facie case of ineffective assistance of counsel in reference to his habitual offender adjudication. Although the state proved "the existence of the prior guilty pleas and that defendant was represented by counsel," defendant should have been able to offer affirmative evidence showing "an infringement of his rights or a procedural irregularity in the taking of the plea." If counsel had filed a written opposition as contemplated by LSA-R.S. 15:529.1(D)(1)(b), then he could have objected to the documentation on the grounds that there was no showing of a waiver of the privilege against self-incrimination. According to the language of Shelton, such a showing would place the burden back to the state to produce a Boykin colloquy or other evidence demonstrating the advice and waiver of all three Boykin rights.
In State v. Chapman, 93-1524 (La.App. 3rd Cir. 10/5/94), 643 So.2d 394, writ denied, 94-2724 (La.02/9/95), 649 So.2d 420, the appellate court reversed the habitual offender adjudication, finding that the evidence of prior Texas convictions did not show that the accused was advised of and had waived his privilege against self-incrimination.
Here, the state has offered the same type of evidence with similar defects. Defense counsel should have filed the appropriate response to the bill of information and then challenged the state's proof on the grounds that the prior pleas were taken without adequate advice of rights. If defense counsel had pointed out the fact that the properly certified documentation does not reflect complete Boykin advice, there is a reasonable probability the trial court would have found that the defendant had shown an infringement of defendant's rights sufficient to shift the burden of proof back to the state.
Defendant's counsel failed to file a written opposition to the habitual offender bill of information and made no objection to the obvious and fatal defects in the state's proof that the defendant was a habitual offender. The omissions in this case are so serious and so prejudicial as to amount to the deprivation of the right to counsel because there is a reasonable probability that the outcome of the proceeding would have been different had counsel made the proper objections. Therefore, we must set aside the defendant's habitual offender adjudication and vacate the sentence. In reaching this conclusion, we pretermit a discussion of defendant's *1039 remaining assignment of error challenging the excessiveness of the sentence.

CONCLUSION
Defendant's conviction is affirmed. The defendant's adjudication is set aside, the sentence is vacated and this case is remanded to the trial court for further proceedings consistent with this opinion.
HABITUAL OFFENDER ADJUDICATION SET ASIDE; SENTENCE VACATED; CASE REMANDED.