hMOORE, J.
The defendant, Stanley Washington, was convicted of attempted manslaughter. Upon adjudication as a second felony offender, he was sentenced to 30 years at hard labor. Defendant appeals claiming the evidence was insufficient to support his adjudication as a second felony offender under the habitual offender statute. We affirm the conviction and sentence.
FACTS
On December 25, 1999, the defendant stabbed his wife in the chest multiple times with a butcher knife. He argued that she threatened him with the knife and injured herself in the struggle. He was convicted of attempted manslaughter. The state filed a habitual offender bill of information based upon the defendant’s prior armed robbery conviction. The defendant was arraigned and entered a plea of not guilty on January 15, 2004. The trial court held a hearing on March 18, 2004.
At the hearing, the state presented a certified copy of the defendant’s guilty plea and sentencing transcript from July 23, 1982. It entered into evidence a certified “pen pack” from the custodian of records of the Department of Corrections. The state also offered a certified copy of the defendant’s testimony from the transcript of the trial for the instant offense, including the defendant’s admission during trial that he had been convicted of armed robbery. The defendant was not released from parole supervision for the armed robbery conviction until the expiration of his full term on September 23, 1990. Defense counsel argued that the trial court failed to advise the defendant that “he had a right to compulsory of the court” [sic ] | gwhen he entered his guilty plea in 1982. When the court responded that the transcript read that “within that defense would be the right to summons and have present those people that you want as witnesses,” the defense responded “I didn’t see that.” Id. No further objections regarding the validity of the guilty plea were made. The defense argued unsuccessfully whether or not the 10-year limitation period had run. The defendant was sentenced to serve 30 years at hard labor.
DISCUSSION
The defense argues the state failed to meet the burden of proof required to show that the defendant was a second felony offender, specifically that the state failed to prove a prior conviction and identity. It claims the state failed to show that the defendant was represented by counsel or waived representation when he entered his plea and that the plea was voluntary and informed. The defense claims the state failed to prove “that the Defendant [sic ] was the same person who in fact committed the prior alleged crime of armed robbery.” It requests this court vacate the habitual offender adjudication and remand the case for further proceedings.
*693 The state argues it presented sufficient evidence to support the adjudication of the defendant as a habitual offender. It states the defendant’s testimony at the hearing and trial for the instant offense included an admission to the armed robbery conviction and confirmed the release date claimed by the state. Regarding the guilty plea, it claims that at the hearing defense counsel raised only the question of whether the defendant had been advised “that he had a right of compulsory of the court,” |3[sic] but deferred to the trial court’s statement that the rights had been addressed. The state argues the defense counsel “seemed to concur that the transcript included the required rights being given to defendant when he pled guilty. The defense made no other argument and no other claims that defendant was not informed of his rights.” The state argues the guilty plea was a voluntary and informed waiver of rights with representation, and it cites that the defense counsel did not object to admission of the three exhibits into evidence. It states the defense offered no affirmative evidence to show an infringement of rights or a procedural irregularity. It also claims its “use of photographs from a duly authenticated record (‘pen pack’) is acceptable to prove identity.”
Any person who, after having been convicted within this state of a felony or a crime of violence (including armed robbery), thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as a second felony offender. The sentence shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction if the subsequent conviction is punishable by imprisonment for a term less than his natural life. La. R.S. 15:529.1(A.). A person convicted of manslaughter shall be imprisoned at hard labor for not more than 40 years. La. R.S. 14:31(B.). The imprisonment for a person convicted of attempt shall not exceed one-half of the longest term prescribed for the attempted offense. La. R.S. 14:27. La. R.S. 15:529.1(G.) provides that a sentence imposed under the habitual offender statute is to be served without benefit of probation or [¿suspension of sentence. A sentence may be reviewed as to its legality on the application of the defendant or of the state in an appealable case by appeal. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882.
La. R.S. 15:529.1(D.)(1) governs the procedure for preserving issues of habitual offender adjudication on appeal. The procedure requires the court in which the subsequent conviction was obtained to bring the offender before the court, inform him of the allegations contained in the information and of his rights, and require the offender to say whether the allegations are true. If the offender denies the allegation, refuses to answer, or remains silent, his plea or the fact of his silence is entered on the record and he shall be given 15 days to file particular objections to the information. Any challenge to the previous conviction or adjudication of delinquency not made before sentence is imposed may not thereafter be raised to attack the sentence. State v. Ponsell, 33,543 (La.App. 2 Cir. 8/23/00), 766 So.2d 678, writ denied, 00-2726 (La.10/12/01), 799 So.2d 490; State v. Jones, 29,805 (La.App. 2 Cir. 9/24/97), 700 So.2d 1034, writ denied, 99-2487 (La.2/18/00), 754 So.2d 961.
In State v. Shelton, 621 So.2d 769 (La.1993), the Louisiana Supreme Court discussed the state’s burden of proof in a habitual offender proceeding as follows:
*694 If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural |BirreguIarity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden if it introduces a “perfect” transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a “perfect” transcript, for example, a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving the defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boy-kin rights. (Footnotes omitted.)
To obtain a multiple offender conviction, the state is required to prove that the defendant is the same person convicted of that felony. Prima facie proof of a prior felony conviction may be established by compliance with La. R.S. 15:529.1(F.), the “pen pack” provision. However, this provision is not the exclusive method of proving a prior felony conviction. Methods available to prove that the defendant on trial is the same person convicted of the prior felony offense include the testimony of witnesses, expert opinion as to the fingerprints of the accused when compared with those of the person previously convicted, photographs contained in a duly authenticated record, or evidence of identical driver’s license number, sex, race and date of birth. State v. Payton, 00-2899 (La.3/15/02), 810 So.2d 1127; State v. Westbrook, 392 So.2d 1043 (La.1980). The mere fact that the defendant on trial and the person previously convicted have the same name does not constitute sufficient evidence of identity. State v. Curtis, 338 So.2d 662 (La.1976). The habitual offender statute is not applicable in cases where more than 10 years have elapsed since the expiration of the | ¿maximum sentence or sentences of the previous conviction or convictions and the time of the commission of the last felony for which he has been convicted. La. R.S. 15:529.1(C.); State v. Everett, 00-2998 (La.5/14/02), 816 So.2d 1272.
In order to challenge the validity of his prior conviction, the defendant was required to file, within 15 days of arraignment, a written response denying the allegations set forth in the bill of information. He neither filed a written response nor objected at the hearing to the introduction of the state’s exhibits. Since he failed to comply with the statute, he is barred from directly attacking the validity of the armed robbery conviction on appeal. At the hearing, the certified copy of the transcript from the armed robbery guilty plea presented by the state proved the existence of the prior conviction, that defendant was represented by counsel, and that the plea was voluntary and informed. Therefore, the state met its burden of proof under the standards set forth in Shelton. The defendant failed to produce affirmative evidence showing an infringement of rights or procedural irregularity in the plea.
The certified pen pack introduced as exhibit S-2 includes the defendant’s name, *695 fingerprints, and photographs in compliance with the requirements of La. R.S. 15:529.1(F) for adequate proof of identity. The defendant was released from prison for his prior conviction on January 1, 1988. The full term date was listed as September 23, 1990 as the defendant had been sentenced to 10 years without benefits. The current offense was committed on December 25, 1999. Less than 10 years lapsed between the |7expiration of the full term of the sentence of the previous conviction and the time of the commission of the last felony for which he was convicted; therefore, under La. R.S. 15:529.1(C), the habitual offender statute is applicable. Furthermore, the defendant testified at the trial for the instant offense that he had been convicted of armed robbery. He also confirmed the actual release date for the sentence served for armed robbery at the hearing for habitual offender adjudication.
The state met its burden as to the existence of the prior valid guilty plea, the defendant’s representation by counsel at that plea, and the defendant’s identity. Therefore, this assignment is without merit.

Error Patent

The defendant was sentenced to serve 30 years at hard labor. The trial court did not specify that the sentence was to be served without benefit of probation or suspension of sentence. La. R.S. 15:529.1(G); State v. Tate, 99-1483 (La.11/24/99), 747 So.2d 519. However, the sentence was neither probated nor suspended so amendment is unnecessary.
Accordingly, the defendant’s habitual offender conviction and sentence are affirmed.
AFFIRMED.