766 So.2d 678 (2000)
STATE of Louisiana, Appellee,
v.
George H. PONSELL, Jr., Appellant.
No. 33,543-KA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2000.
*680 Louisiana Appellate Project by J. Wilson Rambo, Counsel for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Cynthia P. Lavespere, Assistant District Attorney, Counsel for Appellee.
Before CARAWAY, KOSTELKA and DREW, JJ.
DREW, J.
George H. Ponsell, Jr. was indicted by grand jury and convicted of two counts of Aggravated Incest in violation of La. R.S. 14:78.1. Following his adjudication as a Third Felony Habitual Offender, the trial court sentenced him to life imprisonment without benefit of probation, parole, or suspension of sentence. Defendant appealed, alleging the insufficiency of the evidence utilized to convict him on the aggravated incest offenses as well as to adjudicate him as an habitual offender. He further complained of Prieur violations and an excessive sentence. The convictions and sentence are affirmed.

FACTS
While babysitting, Mrs. Ponsell, wife of the defendant, observed her seven-year-old granddaughter, S.A., and her brother each touching the other's genitals. Mrs. Ponsell reported this inappropriate incident to her daughter, T.H., who was S.A.'s mother. T.H. asked S.A. whether anyone had touched her in that area and named several adult male family and non-family members whom S.A. had been around. S.A. responded that "PawPaw George" had "bothered her" by putting his finger inside her panties on two occasions. "PawPaw George," referred to the defendant, who was the child's step-grandparent by virtue of his marriage to Mrs. Ponsell (the mother of T.H. and the grandmother of S.A.). T.H. contacted the Monroe Police Department. At trial, a jury of six convicted the defendant after deliberating less than one-half hour, on two counts of Aggravated Incest, for the illicit fondling of his seven-year-old step-granddaughter, S.A.

DISCUSSION
La. R.S. 14:78.1 defines the crime of Aggravated Incest, providing in pertinent part:
A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
B. The following are prohibited acts under this Section: (1) Sexual intercourse, sexual battery, aggravated sexual battery, carnal knowledge of a juvenile, *681 indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile, crime against nature, cruelty to juveniles, parent enticing a child into prostitution, or any other involvement of a child in sexual activity constituting a crime under the laws of this state. (2) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both.

Sufficiency of Evidence
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court must first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La. App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
However, this court's authority to review questions of fact in a criminal case does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La. App.2d Cir.5/8/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760, writ denied, 98-0282 (La.6/26/98), 719 So.2d 1048.

Trial
The appellant contended that there was no physical evidence of molestation of the child and that the testimonial evidence, both in-court and out-of-court, was hearsay. Accordingly, he claimed there was insufficient evidence to sustain his conviction. This complaint is without merit.
Contrary to appellant's assertions, the evidence at trial was overwhelmingly sufficient to sustain his conviction. The victim testified that the defendant stuck his finger in her (pointing to the region of her vagina) while she was visiting the defendant and her grandmother. She testified that this happened twice, that it hurt her, and that he (the defendant) told her not to tell anyone.
The victim's mother (T.H.) testified her mother and the defendant babysat for her while she worked. When she picked up the children, her mother, Mrs. Ponsell, informed her that the children were touching each other's genitals. T.H. then questioned S.A. whether anyone had touched her genital area. T.H. named several *682 adult men whom the victim had been around. She asked the victim "whether it's your dad, whether its your "PawPaw George," whether it's Mark or whether its your Uncle Joey." T.H. stated S.A. told her that "PawPaw George," i.e, the defendant, had been touching her and had put his finger in her on two occasions.
Dr. Meade O'Boyle, an expert in child sexual abuse, testified that S.A. told her that "PawPaw George" had put his hand inside her underwear on two occasions and that it hurt and made her feel uncomfortable. Although Dr. O'Boyle's physical examination indicated no physical signs of sexual abuse such as penetration, she expressed her medical opinion that the events described by the child came from personal experience.
Finally, the state put on evidence to show the defendant's "lustful disposition" toward pre-pubescent girls. Three of the defendant's daughters testified that the defendant fondled them at very young ages starting at about three years old until about seven. Additionally, M.H., the child of a woman who lived with the defendant in 1991, testified that the defendant sneaked into her bedroom while she was sleeping and had molested her by inserting his finger in her vagina when she was five years old.
The record showed that there was sufficient evidence presented to establish all the essential elements of aggravated incest. The defendant engaged in the illicit conduct with his step-granddaughter when the step-granddaughter was under the age of 18. The state proved the kinship required in La. R.S. 14:78.1 and introduced into evidence the birth certificates of T.H. and S.A. and the marriage license of Mrs. Ponsell and the defendant, George Ponsell.
The testimony of the victim alone was sufficient to convict the defendant. As noted previously, in the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Ford, 28,724 (La. App.2d Cir.10/30/96), 682 So.2d 847, writ denied 99-0210 (La.5/14/99), 745 So.2d 12. This is equally applicable to the testimony of sexual assault victims. State v. Rives, 407 So.2d 1195 (La.1981); State v. Thomas, 30,490 (La.App.2d Cir.4/8/98), 711 So.2d 808, writ denied, 99-0331 (La.7/2/99), 747 So.2d 8; State v. Free, 26,267 (La.App.2d Cir.9/21/94), 643 So.2d 767, writ denied, 94-2846 (La.3/10/95), 650 So.2d 1175; State v. Standifer, 513 So.2d 481 (La.App. 2d Cir.1987). Indeed, such testimony alone is sufficient even where the state does not introduce medical, scientific, or physical evidence to prove the commission of the offense by the defendant. State v. Watson, 32,203 (La.App.2d Cir.8/18/99) 743 So.2d 239, writ denied, XXXX-XXXX (La.3/31/00), 759 So.2d 69; State v. Turner, 591 So.2d 391 (La.App. 2d Cir.1991), writ denied, 597 So.2d 1027 (La.1992). The evidence presented at trial was clearly sufficient to sustain the conviction of the defendant for these horrific crimes.

Habitual Offender Proceeding
The appellant contended that the evidence was insufficient to support his conviction as a habitual offender on two grounds. First, the appellant complained that the Boykin colloquy of one of the prior predicate convictions was infirm because the trial court failed to advise the appellant of his right to confront and cross-examine witnesses against him. Second, appellant contended that the second predicate conviction of "attempted sexual battery" is a non-existent crime under the laws of this state.
La. R.S. 15:529.1 D(1) governs the procedure for preserving these issues on appeal. The procedure requires the court in which the subsequent conviction was obtained to bring the offender before the court, inform him of the allegations contained in the information and of his rights and require the offender to say whether the allegations are true. If the offender *683 denies the allegation, refuses to answer or remains silent, his plea or the fact of his silence is entered on the record and he shall be given 15 days to file particular objections to the information. Any challenge to the previous conviction or adjudication of delinquency not made before sentence is imposed may not thereafter be raised to attack the sentence. La. R.S. 15:529.1(D)(1)(b).
In order to challenge the validity of a prior conviction, defendant was required to file a written response denying the allegations set forth in the bill of information within 15 days of arraignment. Although the trial court informed defendant of the time period in which he was required to respond to the allegations in the bill, defendant failed to act. The record does not show that defendant filed a written response or objection at the hearing to the introduction into evidence of the state's exhibits. Because of his failure to comply with the statute, defendant is barred from directly attacking the validity of prior offenses on appeal. State v. Jones, 29,805 (La.App.2d Cir.2/24/97), 700 So.2d 1034, writ denied, 1999-2487 (La.2/18/00), 754 So.2d 961.
There is no merit in appellant's "error patent" claim that the crime of "attempted sexual battery" is not a responsive verdict to the crime of sexual battery and is, therefore, not a felony which may be used in an habitual offender proceeding. Appellant contended that since there is no responsive verdict for sexual battery in La. C.Cr.P. art. 814, there can be no verdict of attempted sexual battery in response to a charge of sexual battery under La. R.S. 14:43.1. He argued that this arises from the fact that an attempted battery is an "assault" as defined under La. R.S. 14:36.
In State v. Schenck, 513 So.2d 1159 (La. 1987), the Louisiana Supreme Court recognized the crime of Attempted Sexual Battery in the context of a discussion of lesser included offenses to a Sexual Battery charge. Sexual Battery is not listed in La.C.Cr.P. art. 814, which lists responsive verdicts for certain crimes.
La.C.Cr.P. art. 815 provides:
In all cases not provided for in Article 814, the following verdicts are responsive:
(1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony and the lesser offense a misdemeanor; or
(3) Not Guilty. (Emphasis supplied)
The court stated that a lesser and included grade of an offense is included in a charge if all of the elements of the lesser crime are included in the definition of the greater crime, and it specifically included Sexual Battery as falling within the scope of La.C.Cr.P. art. 815.
La. R.S. 14:27(C) defines an attempt, in pertinent part:
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt. (Emphasis supplied.)
Accordingly, attempted sexual battery is a lesser included grade of the crime of sexual battery. All of the elements of Attempted Sexual Battery are elements in Sexual Battery.
In State v. Wilson, 561 So.2d 889 (La. App. 2d Cir.1990), we affirmed the maximum sentence of five years at hard labor imposed by the trial court pursuant to La. R.S. 14:43.1 and 14:27. The First Circuit Court of Appeal affirmed the conviction and sentence of two years at hard labor for Attempted Sexual Battery in State v. Anderson, 526 So.2d 499 (La.App. 1st Cir. 1988). Both defendants received felony sentences for the crime of attempted sexual battery. Therefore, we conclude that attempted sexual battery is a lesser and included grade of the offense of sexual *684 battery. La. R.S. 14:27. Therefore, the prior 1991 conviction of the defendant for attempted sexual battery is a valid felony conviction for purposes of the habitual offender proceeding.

Prieur Evidence
Appellant complained that the trial court erred in admitting the "other crimes" evidence because the state failed to show that the evidence was relevant for any purpose other than to show that the defendant was a bad person. Appellant also contended that even if some legitimate purpose could be shown, the prejudicial effect of the evidence substantially outweighed its probative value. Appellant did not single out any specific other crimes evidence that he contended was prejudicial.
A trial court's ruling on the admissibility of evidence of other crimes will not be overturned absent an abuse of discretion. State v. Scales, 93-2003 (La.5/22/95), 655 So.2d 1326, U.S. cert. denied; State v. Blackwell, 30,281 (La. App.2d Cir.11/10/97), 701 So.2d 1389, writ denied, 97-3073 (La.2/13/98), 709 So.2d 755. For evidence of other crimes to be admissible, the state must prove with clear and convincing evidence (1) that the other acts or crimes occurred and were committed by the defendant, (2) demonstrate that the other acts satisfy one of the requirements of La. C.E. art. 404 B(1) [motive, intent, knowledge, identity, absence of mistake or accident], and (3) show that the probative value of the evidence outweighs its prejudicial effect. State v. Jackson, 625 So.2d 146 (La.1993).
The state charged that the defendant had fondled the victim in the vaginal area on two occasions. This occurred when the victim was visiting the maternal grandmother and the defendant. Testimony was taken at the Prieur hearing regarding these allegations.
Testimony from the defendant's previous victims was introduced at trial. This testimony tended to show that the defendant preyed upon the same type of victim on previous occasions under the same circumstances. The victims were all in the same age range. Where the testimony shows that the factual circumstances of the prior acts and crime charged are virtually identical, the evidence of the other crimes is corroborative of the victim's testimony and establishes a system or plan. State v. Tolliver, 621 So.2d 17 (La. App. 2d Cir.1993). Prior sex offenses can also be used to show motive or "lustful disposition." State v. Driggers, 554 So.2d 720 (La.App. 2d Cir.1989).
We do not find that the probative value of the other crimes was outweighed by any prejudicial effect toward the defendant. State v. Jackson, supra. In Jackson, the supreme court held that the testimony of the defendant's three adult daughters that their father had fondled their breasts and kissed them was admissible to show intent and plan, and that it was not overly prejudicial. The testimony of defendant's previous victims in this instance was admissible to show motive and intent, and it was not overly prejudicial. The court did not abuse its discretion in allowing the evidence of other crimes in this case.

Excessive Sentence
The appellant contended that his sentence is constitutionally excessive. Specifically the defendant's complaint was that the mandatory sentence of life imprisonment for a third felony offender was excessive considering the crime he committed. In this instance, he argued that the punishment is too severe. This contention is meritless.
The inquiry for a claim of excessive sentence is whether the sentence imposed is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d *685 1276 (La.1993); State v. Wilkerson, 29,979 (La.App.2d Cir.10/29/97), 702 So.2d 64. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Smith, 433 So.2d 688 (La.1983); State v. Wilkerson, supra.
La. R.S. 15:529.1 provides, in pertinent part:
A. (1) Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(b)(ii) If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) ... or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
Defendant's prior record and background indicated that he is the worst type of offender. Defendant's adult record detailed a long list of criminal behavior in addition to the crimes of Indecent Behavior With a Juvenile (5 counts), Attempted Sexual Battery and Aggravated Incest.
In this instance, the statute mandates a life sentence. Although, in State v. Dorthey, supra, the Louisiana Supreme Court stated that courts have the power to declare a mandatory minimum sentence excessive under Article I, Section 20 of the Louisiana Constitution, this power should only be exercised in rare cases and only when the court is firmly convinced that the minimum sentence is excessive. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Bush, 31,710 (La.App. 2d Cir.2/24/99), 733 So.2d 49, writ denied, 99-1010 (La.9/3/99), 747 So.2d 536. Considering the appellant's criminal record, the mandatory life sentence for this habitual offender is clearly appropriate and deserved. The mandated sentence is not excessive.

Sentencing
The defendant was sentenced on July 27, 1999, at which time the learned trial court informed the defendant that he had three years from the time his conviction and sentence became final to apply for post-conviction relief. Although technically correct at that time, La. C.Cr.P. art. 930.8 was amended effective August 15, 1999, reducing the time limitation from three years to two years. The defendant's conviction has not yet become final. When it does, he will be subject to the two-year period. Therefore, the trial court is directed to notify the defendant of the new prescriptive period by letter within thirty days of the issuance of this opinion.

DECREE
The convictions and sentence of the defendant are AFFIRMED.