I t STEWART, J.
The defendant, Gary Ray Walker, appeals his sentence and conviction as an habitual offender. For the following reasons, we affirm.
FACTS
The matters of record show that on Majr 27, 2000, a loss prevention officer at a Wal-Mart in Shreveport reported that the defendant was purchasing chemicals used to manufacture methamphetamine. A Caddo Parish sheriffs deputy, who knew that the defendant had a history involving drugs, went to the store. Materials and chemicals used to manufacture methamphetamine were in plain view in the defendant’s car. Upon his arrival at the car, the defendant was confronted by deputies. *642 The defendant admitted that he was obtaining the materials to manufacture methamphetamine, and he named his accomplice. The defendant said that he was to be paid one-half ounce of the finished product for obtaining the supplies.
The defendant went to trial on the charge of attempt to manufacture a Schedule II controlled dangerous substance under La. R.S. 14:27(A) and R.S. 40:967(A)(1). A jury found the defendant guilty as charged. The state then filed an habitual offender bill, and the trial court adjudged the defendant to be a second habitual felony offender based on a prior conviction in August 1992 for production of marijuana. Prior to imposing sentence, the trial court considered the applicable sentencing range and noted that illicit drugs were “causing many problems in the community.” The trial court found that the defendant had a “serious substance abuse problem” and determined that the minimum habitual offender sentence was | ^sufficient. Thus, the trial court imposed the minimum mandatory sentence of 24 and 3/4 years at hard labor without benefit of probation or suspension of sentence and without good time credit. The trial court noted that the defendant would receive credit for time served and that he would be eligible for parole “as determined by law.”[1] After the trial court denied various motions, including a motion to reconsider sentence, the defendant filed the instant appeal.
DISCUSSION
In his first assignment of error, the defendant asserts that his sentence is excessive and that the trial court failed to give sufficient consideration to mitigating factors.
In this case, the statutes of conviction, La. R.S. 14:27 and R.S. 40:967, as enacted at the time of the offense, provided for a maximum sentence of 49}£ years at hard labor without benefits. In addition, La. R.S. 15:529.1(A)(l)(a), applicable to second felony offenders, provided a sentencing range for a determinate term of not less than 24 and 3/4 years to not more than 99 years.
Since the habitual offender law is constitutional in its entirety, a minimum sentence imposed upon a recidivist is also presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Gay, 34,371 (La.App.2d Cir.4/4/01), 784 So.2d 714. However, in State v. Ponsell, 33,543 (La.App.2d Cir.8/23/00), 766 So.2d 678, writ denied, 2000-2726 (La.10/12/01), 799 So.2d 490, this court concluded as follows:
Although, in State v. Dorthey, 623 So.2d 1276 (La.1993), the Louisiana Supreme Court stated that courts have the power to declare a mandatory minimum sentence excessive under Article I, Section 20 of the Louisiana Constitution, this power should only be exercised in rare cases and only when the court is firmly convinced that the minimum sentence is excessive.
It also has been held that the burden is on the defendant to rebut the presumption that a mandatory minimum sentence is constitutional. To do so, the defendant must
clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances, this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the *643 offense, and the circumstances of the case.
State v. Johnson, 709 So.2d at 676; State v. Wade, 36,295 (La.App.2d Cir.10/23/02), 832 So.2d 977, writ denied, 2002-2875 (La.4/4/03), 840 So.2d 1213.
Here, the defendant has not demonstrated that he is within this “exceptional” category. He is 57 years old. He has a criminal history which fills almost three pages of a pre-sentence investigation report. The report indicates that he actually is a third felony offender. The defendant has convictions for theft, attempted theft, public drunkenness, carrying a concealed weapon, possession of Schedule IV CDS, possession of marijuana, production of marijuana, and shoplifting. Moreover, he had a pending charge of attempted production of Schedule II CDS. Although the defendant worked in the oil field business for a substantial period of time, he now receives supplemental security income due to undescribed heart and |4kidney problems. The defendant admits using marijuana since 1990, and powder cocaine since 1995.
From our review of this record, we do not find constitutional error. The trial court imposed the minimum mandatory sentence. The sentence is lawful, and it is neither grossly disproportionate to the severity of the offense nor shocking to our sense of justice. We find that the defendant has not shown an abuse of the trial court’s sentencing discretion. The sentence imposed is not constitutionally excessive.
In a second assignment of error, the defendant argues that he could not be adjudged a second habitual felony offender unless the matter was presented to a jury for decision. The defendant did not raise this issue in the lower court. New issues of law may not be asserted for the first time on appeal. State v. Green, 36,741 (La.App.2d Cir.3/5/03), 839 So.2d 970, writ denied, 03-0973 (La.11/7/03), 857 So.2d 517. Accordingly, we will not consider this assignment of error.
CONCLUSION
For the reasons stated in this opinion, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. The statute of conviction, at the time of the instant offense, required that the sentence be served without benefits, including the denial of parole eligibility.