902 So.2d 1271 (2005)
STATE of Louisiana, Appellee
v.
Anthony RICHARD, Appellant.
No. 39,705-KA.
Court of Appeal of Louisiana, Second Circuit.
May 11, 2005.
*1272 Charles L. Kincade, for Appellant.
Jerry L. Jones, District Attorney, Geary S. Aycock, Assistant District Attorney, for Appellee.
Before STEWART, MOORE and LOLLEY, JJ.
STEWART, J.
The defendant, Anthony Richard, was convicted of forcible rape and sentenced as a second felony offender to 20 years at hard labor without benefits. For the reasons that follow, we affirm his conviction and sentence.

FACTS
On July 7, 2002, 12-year-old L.E. spent the night at the home of Mary Maltee, a woman L.E. calls alternatively her grandmother or stepgrandmother. The defendant lived with Maltee who was his girlfriend at the time of the offense. L.E. testified that she and her two young cousins fell asleep on a "pallet" made from blankets spread on the living room floor. During the night, the defendant came into the room, rolled the victim on her back, pulled down her pants and underwear, and climbed on top of her. L.E. testified that the defendant forced her legs apart and then "forced his privacy part inside [her]." She did not use the word "vagina" in her testimony; however, her explanation of the events was a description of vaginal penetration. She stated she did not know the term "ejaculation." She said the defendant told her not to tell anyone. She testified that she did not scream or call out because she was afraid, that she put her clothes back on, and stayed on the pallet until morning.
Maltee testified that she found blood on L.E.'s panties the next night while doing laundry. She stated that she was suspicious because she had seen the defendant watching L.E. and "undressing her" with his eyes. The following day, Maltee asked L.E. about the stain. L.E. initially denied that anything had happened and cried. Maltee testified that when she asked L.E. to tell the truth and whether the defendant had touched her, L.E. described what had happened. Maltee's daughter contacted the police.
At trial, Maltee identified Exhibit S-1 as the blanket where L.E. had been sleeping. She testified that the blanket stayed in the living room for her grandchildren to lie on, that it had never been on her bed, and that she and the defendant never had sex on it. Kendall Stracener, a DNA analyst employed by the North Louisiana Crime Lab, said he found 56 stains on the blanket. One of those stains tested positive for seminal fluid. Stracener testified that "DNA profile obtained from the sperm fraction of *1273 the cutting from the blanket" matched the defendant's DNA sample. None of the stains were tested for blood. Stracener also testified that there was significant staining in the crotch area of L.E.'s panties but that he found no evidence of spermatozoa or prostate specific antigens. L.E. testified she was not having her period at the time of the assault.
Dr. Joseph Ivey examined L.E. at E.A. Conway Hospital two days after the incident. He testified he observed no bruising, vaginal bleeding, vaginal discharge, semen, or evidence of physical trauma or force. He stated that L.E. had told him at the time of the exam that she had bathed twice since the assault. He testified that he did not expect to find anything indicating sexual assault because of the time lapse and baths.
The defense asked that simple rape be included as a responsive verdict. The court ruled that none of the reasonable conclusions that could be drawn from the evidence would support a verdict of simple rape. The defense objected contemporaneously. Following the trial, the defendant was convicted of forcible rape. He was sentenced as a habitual offender to 20 years at hard labor without benefit of probation or suspension of sentence on May 6, 2004. The instant appeal ensued.

DISCUSSION

Sufficiency of Evidence
The defendant argues that L.E.'s testimony is "at odds with he [sic] physical evidence in that there is a dearth of physical evidence suggesting criminal conduct, and there would have been physical evidence had things happened as alleged." He claims that the DNA sample from the stain on the blanket matched his DNA because he lived in the home. He states that no "DNA evidence" was found on L.E.'s underwear and that the medical examination was unable to conclude she had been sexually assaulted. The state argues that it presented sufficient evidence at trial to support the conviction including L.E.'s testimony, the blanket, and the stained underwear. It states the 12-year-old victim testified "that the sexual assault was without her consent and described the act as painful."
Forcible rape is rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it was committed, as argued here, when the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape. La. R.S. 14:42.1.
The proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App. 2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. *1274 State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App. 2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a judge or jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Robinson, 36,147 (La.App. 2d Cir.12/11/02), 833 So.2d 1207; State v. Ponsell, 33,543 (La.App. 2d Cir.8/23/00), 766 So.2d 678, writ denied, 2000-2726 (La.10/12/01), 799 So.2d 490. The testimony of a sexual assault victim alone is sufficient to convict the defendant. Robinson, supra; Ponsell, supra. See also State v. Simpson, 39,268 (La.App. 2d Cir.1/26/05), 892 So.2d 694. Such testimony alone is sufficient even where the state does not introduce medical, scientific, or physical evidence to prove the commission of the offense by the defendant. Ponsell, supra.
L.E. testified that she was raped, described the assault and penetration, and said she had been too frightened to cry out or resist. She stated that the defendant forced her legs apart and then "forced his privacy part inside [her]." L.E. was 12 years old at the time of the offense. Her testimony about the events that occurred before and after the rape was corroborated by Mary Maltee's testimony. Both testified that L.E. spent the night at Maltee's house and that the defendant lived at the house. L.E. said she put the clothes she had been wearing that night in the laundry. Maltee stated that she found L.E.'s panties the next night while doing laundry. Both testified that L.E. was reluctant to talk about the rape when Maltee questioned her. L.E. and Maltee stated that L.E. had been upset and crying when she told Maltee about the assault. Maltee also testified that she had seen the defendant watching L.E. and "undressing her" with his eyes.
The defendant's arguments do not show L.E.'s testimony to be inconsistent or in irreconcilable conflict with the physical evidence. "Significant staining" was found in the crotch area of the panties L.E. said she wore that night. The blanket L.E. was sleeping on when the defendant assaulted her was stained with seminal fluid with DNA that matched the defendant's. No physical evidence of sexual assault was observed during L.E.'s medical examination; however, the doctor testified that he did not expect to find anything indicating sexual assault because two days lapsed between the offense and exam, and L.E. had taken two baths during that time. The evidence, when viewed in a light most favorable to the prosecution, is sufficient to support the guilty verdict of forcible rape. Therefore, this assignment is without merit.

Jury Charges
The defendant argues that the trial court erred in failing to include simple rape as a responsive verdict. He claims that L.E. was in a stupor because she testified she was asleep when the defendant came into the room. He argues that her "stupor" falls under the definition of simple rape and that the trial court's exclusion of simple rape as a responsive verdict was therefore reversible error. The state cites State v. Harris, 627 So.2d 788 (La.App. 2d Cir.1993), writ denied, 93-3188 (La.3/18/94), 634 So.2d 851, as precedent ruling that "if there is no evidence reasonably supporting a verdict, then such a verdict may be excluded as a possible *1275 responsive verdict." It argues the victim was 12 years old at the time of the rape and was therefore incapable of giving consent. Furthermore, the state claims that no evidence presented supports the conclusion that L.E. was incapable of resisting by reason of a stupor or abnormal condition of mind produced by an intoxicating agent, because of unsoundness of mind, or because she believed the defendant was her husband.
La. C. Cr. P. art. 802(1) provides that the trial court shall charge the jury as to the law applicable to the case. The trial judge is required to instruct the jury on any defense or phase of the case which is arguably supported by the evidence, whether or not it is accepted by the judge as true or believable. State v. Miller, 338 So.2d 678 (La.1976); State v. Taylor, 34,096 (La.App. 2d Cir.12/15/00), 774 So.2d 379, writ denied, 01-0312 (La.12/14/01), 803 So.2d 984. La. C. Cr. P. art. 814(C) provides that:
[u]pon motion of the state ..., the court shall exclude a responsive verdict listed in [La C. Cr. P. art. 814(A)] if, after all the evidence has been submitted, the evidence, viewed in a light most favorable to the state, is not sufficient reasonably to permit a finding of guilty of the responsive offense.
Thus, if there is no evidence reasonably supporting a verdict, then such a verdict may be excluded as a possible responsive verdict. Taylor, supra; State v. Harris, supra.
Simple rape and attempted simple rape are responsive verdicts to an indictment of aggravated rape. La. C. Cr. P. art. 814(A)(8). Simple rape was defined by La. R.S. 14:43 at the time of the offense as a rape committed when the anal or vaginal sexual intercourse is deemed to be without the lawful consent of a victim who is not the spouse of the offender because it is committed under any one or more of three circumstances, only one of which, as set forth below, is applicable to the alleged error:
(1) When the victim is incapable of resisting or of understanding the nature of the act by reason of a stupor or abnormal condition of mind produced by an intoxicating agent or any cause, other than the administration by the offender, and without the knowledge of the victim, of any narcotic or anesthetic agent or other controlled dangerous substance and the offender knew or should have known of the victim's incapacity. La. R.S. 14:43(A)(1).
L.E. testified that she had been asleep when the defendant came into the room. The appellant's brief states that L.E. was "dozing in and out of sleep" during the assault; however, that description of the events was from the state's opening statement and not L.E.'s testimony. L.E. remembered the events of the night and testified about what happened during the rape. Stupor is defined as "the condition of being almost unconscious" or "a state of insensibility." 5 Schmidt, J.E., Attorney's Dictionary of Medicine, S-330 (2004). Clearly, L.E.'s testimony indicates that she was not in a stupor as the defendant argues. The evidence presented does not support a verdict of simple rape.
In past cases, whether or not the trial court erred when excluding simple rape as a possible responsive verdict for aggravated or forcible rape hinged on the possibility that the victim could have been intoxicated at the time of the assault. Exclusion of simple rape and attempted simple rape as possible responsive verdicts was ruled reversible error when the victim "consumed a disputed amount of alcoholic beverages" and was in the company of her attackers on the pretense of a trip to the convenience store to buy more beer. State *1276 v. Porter, 93-1106 (La.7/5/94), 639 So.2d 1137. However, it was held the same responsive verdicts were properly excluded when the victim was raped upon her return home from a nightclub and the defendant's argument was "predicated on speculation that a jury might infer that one who goes to a nightclub to dance will drink alcohol to the extent that he or she may become intoxicated." Taylor, supra.
The state's argument that the victim was under the age of 13 does not apply when the original charge was not aggravated rape and the offense was committed in 2002 when the statutory language for aggravated rape included only victims "under the age of 12 years." La. R.S. 14:42. That standard applied in the exclusion of simple rape from possible responsive verdicts in Harris, supra, because the victim was 9 years old.
Nonetheless, we find that the trial court did not err by failing to include simple rape as a possible responsive verdict because there is no evidence reasonably supporting simple rape as a verdict. This assignment is without merit.

CONCLUSION
The evidence, when viewed in a light most favorable to the prosecution, is sufficient to support the guilty verdict of forcible rape. The trial court did not err when it excluded simple rape as a possible responsive verdict because no evidence reasonably supports simple rape as a verdict. Therefore, we affirm the defendant's conviction and sentence.
AFFIRMED.