LOLLEY, J.
 

 |! This criminal appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana. The defendant, Timothy Dewayne Cummings, was convicted of possession with intent to distribute a Schedule II controlled dangerous substance, namely cocaine, a violation of La. R.S. 40:967(A). He was adjudicated a third felony offender and sentenced to life imprisonment. This appeal ensued. For the following reasons, we affirm Cummings’ conviction and sentence.
 

 Facts
 

 On April 8, 2009, Corporal Robert Robinson III of the Shreveport Police Department (“SPD”) and the Shreveport-Caddo Narcotics Task Force along with Corporal
 
 *483
 
 Terry Sanders of the SPD and other members of the Special Weapons and Tactics (“SWAT”) team executed a search warrant on room number 43 of the Levingston Motel in Caddo Parish. Inside the room, the officers found Cummings along with a plate on a dresser next to the bed. This plate contained a larger rock of crack cocaine that had been cut into smaller pieces as well as a razor blade. The officers also found a digital scale and assorted baggies inside a nightstand drawer, as well as a photograph of Cummings with an unidentified female.
 

 Cummings was arrested and transported to the police station where he was advised of his
 
 Miranda
 
 rights. He signed a waiver of these rights and was subsequently questioned. Cummings stated he had been living at the hotel for three months and admitted that the cocaine found by the officers belonged to him. He also admitted that for the past month he would 12frequently purchase cocaine, cut it up, and sell it for profit from the hotel room. Never did Cummings deny that he possessed and distributed cocaine.
 

 He was charged with possession with intent to distribute a Schedule II controlled dangerous substance, namely cocaine, a violation of La. R.S. 40:967(A). Although Cummings chose to violate court orders by not being present, a jury trial was held and he was convicted as charged. Cummings then filed a Motion for New Trial and a Motion for Post-Verdict Judgment of Acquittal; both were denied. A habitual offender hearing followed in which Cummings was found to be a third felony habitual offender. Cummings was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence, according to the provisions of the habitual offender statute. Cummings then filed a Motion to Reconsider Sentence and Deviate from the Constitutionally Excessive Fourth Habitual Offender Sentence. The trial court denied this motion as well. This appeal followed.
 

 Law and Discussion
 

 In his sole assignment of error, Cummings alleges his sentence is unconstitutionally excessive because the sentencing court did not adequately consider the factors set forth in La. C. Cr. P. art. 894.1. Cummings was convicted of possession of cocaine with intent to distribute. He was sentenced as a third felony habitual offender under La. R.S. 15:529.1, which provides:
 

 A. Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows ...
 

 |s(3) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
 

 (b) If the third felony and two prior felonies are felonies defined as a crime of violence under R.S. 14:2(B) ... or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
 

 A first conviction for possession of cocaine with intent to distribute carries a sentencing range of 2 to 30 years, a term that fits the criteria of the habitual offender statute as being less than Cummings’ natural life. La. R.S. 40:967(B)(4)(b); La. R.S. 15:529.1(A)(3). The two predicate offenses, second degree battery and aggravated battery, upon which the habitual of
 
 *484
 
 fender imposition was based, are defined as crimes of violence under R.S. 14:2(B). The third and current felony of possession of cocaine with intent to distribute is a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for 10 years or more. La. R.S. 40:967(B)(4)(b). Thus, the habitual offender statute mandates that Cummings be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence. La. R.S. 15:529.1(A)(3)(b).
 

 Because the sentence imposed for the habitual offender adjudication is prescribed by statute, the trial court’s compliance with La. C. Cr. P. art. 894.1 is not required.
 
 State v. Lee,
 
 39,969 (La.App.2d Cir.08/17/05), 909 So.2d 672,
 
 writ denied,
 
 2006-0247 (La.09/01/06), 936 So.2d 195. It would be an exercise in futility for the trial court to discuss factors enumerated in that article when the trial court had no discretion in sentencing the defendant.
 
 Id.
 

 As this court stated in
 
 State v. Ponsell,
 
 33,543 (La.App. 2d Cir.08/23/00), 766 So.2d 678,
 
 writ denied,
 
 2000-2726 (La.10/12/01), 799 So.2d 490:
 

 Although ... the Louisiana Supreme Court stated that courts have the power to declare a mandatory minimum sentence excessive under Article I, Section 20 of the Louisiana- Constitution, this power should only be exercised in rare cases and only when the court is firmly convinced that the minimum sentence is excessive. (Citations omitted.)
 

 Since the habitual offender law in its entirety is constitutional, the minimum sentences it imposes upon multiple offenders are also presumed to be constitutional.
 
 State v. Johnson,
 
 1997-1906 (La.03/04/98), 709 So.2d 672. The mandatory life sentences required are presumptively constitutional and should be accorded great deference by the judiciary.
 
 State v. Lee, supra.
 
 The burden is on a defendant to rebut the presumption that a mandatory minimum sentence is constitutional. In order to do so, it must be clearly and convincingly shown by the defendant that he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
 
 State v. Johnson,
 
 709 So.2d at 672.
 

 Here, Cummings has failed to rebut this presumption by showing that he is exceptional. On the contrary, Cummings was charged as a third 15habitual offender when he could actually have been charged as a fourth.
 
 [1]
 
 Additionally, the predicate offenses were crimes of violence and Cummings had only been out of prison for three months when he committed the instant offense. Therefore, it is apparent that Cummings was not rehabilitated during his prior prison term. This type of recidivism is the very type of behavior La. R.S. 15:529.1 was designed to deter. This assignment of error is without merit.
 

 Conclusion
 

 For the foregoing reasons, Cummings’ conviction and sentence are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . While there seems to be some confusion as to whether Cummings was charged as a third or a fourth felony offender, the record shows he was charged as a third. The trial court noted, however, that whether sentenced as a third or a fourth habitual offender, the mandated sentence was the same-imprisonment for the remainder of his natural life without benefit of parole, probation, or suspension of sentence. La. R.S. 15:529. l(A)(3)-(4).